**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-2454**

———————

GILDAS LUCIEN KOYANBGO MODEBA,

                                                    Petitioner,

        versus

ALBERTO R. GONZALES, Attorney General,

                                                    Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A79-513-586)

———————

Argued: October 25, 2005          Decided: February 23, 2006

———————

Before WILKINS, Chief Judge, and WILKINSON and GREGORY, Circuit
Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ARGUED:** Marc Seguinot, THE HELEIN LAW GROUP, L.L.P., McLean,
Virginia, for Petitioner.  Luis Enrique Perez, UNITED STATES
DEPARTMENT OF JUSTICE, Office of Immigration Litigation,
Washington, D.C., for Respondent.  **ON BRIEF:** Peter D. Keisler,
Assistant Attorney General, Civil Division, M. Jocelyn Lopez
Wright, Assistant Director, Civil Division, Curtis C. Pett, Tax
Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Gildas Lucien Koyanbgo Modeba petitions for review of an order of the Board of Immigration Appeals (the Board) denying his motion to reopen his asylum proceedings. Finding no error, we affirm.

I.

Modeba, a citizen and native of the Central African Republic (CAR), entered the United States in July 1999 on a nonimmigrant B-2 "visitor for pleasure" visa. This visa allowed him to remain in the United States until January 23, 2000. In August 2001, more than one year after his visa expired, Modeba filed an application for asylum, see 8 U.S.C.A. § 1158 (West 1999 & Supp. 2005), withholding of removal, see 8 U.S.C.A. § 1231(b)(3) (West 1999), and withholding of removal under the United Nations Convention Against Torture, see United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 23 I.L.M. 1027, 1465 U.N.T.S. 85.

The immigration judge (IJ) who reviewed Modeba's application denied it as untimely, see 8 U.S.C.A. § 1158(a)(2)(B), rejecting Modeba's argument that he properly delayed filing the application with hope that the conditions in CAR would improve, see id. § 1158(a)(2)(D). The IJ alternatively held that even if Modeba's asylum application had been timely filed, it would have been denied on the merits. The IJ pointed to numerous inconsistencies in the

2

record, including discrepancies between Modeba's testimony and that of his brother, Mermoz, regarding key dates, differences between Modeba's and Mermoz's birth certificates, and the failure to notarize a letter from Modeba's mother informing him of an attempt on his father's life and urging him to seek asylum in the United States. The IJ also determined that Modeba did not prove that he suffered from past persecution or had a well-founded fear of future persecution. The Board affirmed the decision of the IJ without opinion.

Instead of filing a petition for review, Modeba moved to reopen the proceedings for consideration of new evidence.[*] The new evidence submitted by Modeba primarily responded to the IJ's criticism of the evidence presented at the asylum hearing. Among the items Modeba submitted were the results of DNA analysis establishing a familial relationship between himself, Mermoz, and his mother; letters from the embassy of CAR authenticating his and Mermoz's birth certificates; and a notarized affidavit from his mother attesting to the authenticity of her earlier letter to Modeba and clarifying the family's relationship with the former and current CAR governments. Modeba also submitted his own affidavit, attesting that his nervousness and young age were responsible for the inconsistencies in his prior testimony. Last, Modeba offered

---

[*]This petition for review is from the order denying the motion to reopen. The denial of Modeba's asylum application is not before us.

a Department of State country report for CAR and a report from the United Nations High Commission for Refugees in support of his claim that conditions within CAR were deteriorating.

The Board denied the motion to reopen after determining that the evidence Modeba offered could have been presented at his asylum hearing. In particular, the Board indicated that Modeba was on notice that these documents were vital because "identity ... is always an issue in a claim for asylum and [Modeba] could have presented the authenticated documents at the prior proceeding." J.A. 162-63. The Board also determined that even if the new evidence were admitted it would not change the result because the evidence failed to resolve all the "inconsistencies in the record." Id. at 163.

## II.

In light of the "strong public interest" in the finality of administrative decisions, a petitioner seeking to reopen his asylum case faces a substantial hurdle. M.A. v. INS, 899 F.2d 304, 309 (4th Cir. 1990) (en banc) (internal quotation marks omitted). To prevail on a motion to reopen, the movant must present evidence that is both material to his application and that was not capable of being discovered or presented at his initial hearing. See 8 C.F.R. § 1003.2(c)(1) (2005). The Board must then decide whether the newly presented evidence warrants reopening, not the merits of the underlying claim. See M.A., 899 F.2d at 307.

4

"Because the immigration statutes do not contemplate reopening" and the applicable regulations "plainly disfavor motions to reopen," a denial of a motion to reopen "must be reviewed with extreme deference."  Id. at 308 (internal quotation marks omitted).

Our scope of review in this case is thus quite limited. Regardless of how dire conditions in CAR may be and how much persecution Modeba may face if he returns there, the only question we may consider is whether Modeba has shown that the Board abused its discretion in concluding that he had not presented evidence that was not available and could not have been presented in the prior proceeding.  Modeba cannot carry this burden.  While the evidence he provided is clearly material, he did not establish that this evidence was unavailable and not capable of being discovered or presented at his asylum hearing.  We therefore affirm.

AFFIRMED

5